IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

HILDA SPENCER, individually and on )
behalf of CHASTITY SPENCER, her minor )
daughter, )
                                             ) **00C 5869**
        Plaintiffs, )
                                             )
     v. )  **JUDGE HIBBLER**
                                             )
CITY OF CHICAGO, CHICAGO POLICE )
OFFICERS FREDERICK LANE and THOMAS )
ANDERSON, and PARKWAY GARDENS, **MAGISTRATE JUDGE BOBRICK**
American Apartment Management Company, Inc. )
        Defendants. )

**COMPLAINT**

NOW COME Plaintiffs, HILDA SPENCER, individually and on behalf of CHASTITY SPENCER, her minor daughter, by their attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS FREDERICK LANE and THOMAS ANDERSON (collectively, "Defendant Officers"), as well as AMERICAN APARTMENT MANAGEMENT COMPANY, INC., states as follows:

**Introduction**

1.    This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## Background

4. In September 1999, Plaintiff Hilda Spencer and her minor daughter, Chastity Spencer, lived in an apartment complex known as Parkway Gardens at 6428 South King Drive.

5. Parkway Gardens is managed, owned, controlled and operated by American Apartment Management Company, Inc. ("AAMC"). Among other things, AAMC is responsible for hiring security officers, two of whom are Defendants Frederick Lane and Thomas Anderson. Defendants Lane and Anderson are also full-time Chicago Police Officers.

6. On or around September 26, 1999, at approximately 4:30 p.m., Spencer and her minor daughter Chastity were standing outside their apartment building waiting for a ride when Defendant Officer Frederick Lane ordered the Spencers to stop loitering and to leave the area.

7. An argument ensued and insults were exchanged. Hilda Spencer pointed out to Officer Lane that he allowed neighborhood drug dealers to "loiter" on the corner for extended periods of time without arresting them, and she accused him of taking payoffs related to the same. Officer Lane called Hilda Spencer a "big ass liar."

8. Officer Lane then conferred with Officer Thomas Anderson, while Plaintiffs left the area and re-entered their building.

9. The Defendant officers followed Plaintiffs into the hallway, informing Hilda Spencer that they wanted to speak to her. Hilda Spencer said "no," or words to that effect.

2

10. After Hilda Spencer opened a door to let Chastity enter, one of the Defendant officers took his foot and blocked the door, preventing Hilda from going through.

11. Officer Lane then called Hilda a "bitch," and told her he was going to teach her a lesson for helping a neighbor file a "C.R." (citizen's complaint) against him with his employer, the Chicago Police Department.

12. Officer Lane then deliberately put both of his hands on Hilda Spencer's breasts and pushed her into the wall, causing her head to strike the wall.

13. During the act of violence described in the previous paragraph, Officer Anderson blocked the door to prevent Hilda Spencer from getting away from Officer Lane, and to prevent others from entering the hall area.

14. Officer Lane then grabbed Hilda Spencer's arms while the latter screamed for someone to help her. Officer Lane then threw Spencer into the wall and onto the ground, whereupon he put his knee in her back. During this time, Officer Anderson continued to block the door so no one could enter or leave the hall area.

15. To try to prevent further beating, Hilda Spencer then told the Defendant Officers she was pregnant; Officer Lane responded with words to the effect of: "Bitch, you are not pregnant." Hilda Spencer told Officer Lane she had asthma; Officer Lane responded with words to the effect of: "So do I, die Bitch."

3

16. Officer Lane proceeded to kick Spencer in her side, causing her additional pain and suffering, and he then lifted her up by her hat and hair.

17. Chastity (and others) witnessed the beating through the glass in the door. When Officer Anderson finally moved from the door, Chastity came through the door into the hall area, whereupon Officer Anderson physically pushed her without legal justification.

18. When a neighbor (who had entered the area) informed the Defendant Officers that they had no right to abuse Plaintiffs, Officer Anderson pulled his gun and told the neighbor he was going to kill him.

19. Officer Lane then told Hilda Spencer that while Officer Anderson was killing the neighbor, Officer Lane was going to kill Hilda Spencer.

20. Chastity left and called the Chicago Police Department from a nearby apartment.

21. Officer Anderson subsequently entered Spencer's apartment without a warrant, and without permission.

22. When additional Chicago Police Officers subsequently arrived on the scene, Officer Lane instructed them to arrest Hilda Spencer for resisting arrest. Spencer was handcuffed, taken to the police station, and charged with disorderly conduct.

23. All charges against Hilda Spencer arising out of the incident were eventually dropped and/or resolved in a manner indicative of Spencer's innocence.

24. At all times relevant to this Complaint, Officers Lane and Anderson acted under color of law, to wit:

    a. The Defendant officers frequently display their Chicago Police badges at Parkway Gardens and otherwise frequently identify themselves as Chicago Police Officers; at times, at least one of the Defendant officers wears his Chicago Police Officer uniform on duty at Parkway Gardens.

    b. The Defendant Officers carry their Chicago Police Department firearms while on duty at Parkway Gardens.

    c. During the complained-of encounter, the Defendant Officers detained Plaintiff pursuant to their authority as Chicago Police Officers, telling Plaintiff words to the effect of "you are under arrest and you are going to jail."

    d. When other Chicago Police Officers arrived, the Defendant Officers, acting in their capacity as Chicago Police Officers, assisted in arresting, transporting, and charging Plaintiff. This was pursuant to their express authority as Chicago Police Officers to assist in arresting individuals even when off duty.

**COUNT I - 42 U.S.C. § 1983: Excessive Force**

25. Plaintiffs reallege each of paragraphs 1-24 as if fully stated herein.

26. As described in the preceding paragraphs, the conduct of the Defendants, acting under color of law, constituted excessive force in violation of the United States Constitution.

27. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiffs have suffered pain and injury, as well as emotional distress.

28. As a result of Officer Anderson's failure to intervene to prevent Officer Lane's unjustified and excessive use of force, Plaintiff Hilda Spencer has suffered pain and injury, as well as emotional distress. Officer Anderson had a reasonable opportunity to prevent the harm had he been so inclined, but did not do so. At a minimum, Officer Anderson could have called for backup help, or at least cautioned his partner to stop abusing Plaintiff Hilda Spencer.

29. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' constitutional rights.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct

at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

   e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

  WHEREFORE, Plaintiffs, HILDA and CHASTITY SPENCER, respectfully requests that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER LANE and OFFICER ANDERSON, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER LANE and OFFICER ANDERSON in their individual capacities, and any other relief this Court deems just and appropriate.

## COUNT II - State Law Claim: Battery

32. Plaintiffs reallege each of paragraphs 1-31 as if fully stated herein.

33. As described more fully in the preceding paragraphs, Plaintiffs were physically abused by the Defendant Officers without justification or provocation.

34. The actions of the Defendant Officers constituted offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

35. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

WHEREFORE, Plaintiffs, HILDA and CHASTITY SPENCER, respectfully request that the Court enter judgment in their favor and against Defendants, OFFICERS LANE and ANDERSON, awarding compensatory damages and punitive damages, as well as any other relief this Court deems just and appropriate under the circumstances.

## COUNT III - 42 U.S.C. § 1983: False Arrest/Unlawful Seizure

36. Plaintiffs reallege paragraphs 1 through 35 as if fully stated herein.

37. Plaintiff Hilda Spencer was improperly seized and arrested without probable cause in violation of her constitutional rights, to wit, judicial proceedings were subsequently instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

38. Defendant Officers falsely arrested and seized Plaintiff Hilda Spencer, or falsely caused her to be arrested and seized, accusing her of certain crimes knowing those accusations to be without probable cause, and making statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

39. Defendant Officers' statements to the prosecutors were made with knowledge that they were false and perjured. In so doing, Defendants fabricated evidence and withheld exculpatory information.

40. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

41. As a result of the above-described wrongful infringement of Plaintiff Hilda Spencer's rights, Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish.

42. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct

9

at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

   e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

WHEREFORE, Plaintiffs, HILDA SPENCER, respectfully requests that the Court enter judgment in her favor and against Defendants, CITY OF CHICAGO, OFFICER LANE and OFFICER ANDERSON, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER LANE and OFFICER ANDERSON in their individual capacities, and any other relief this Court deems just and appropriate.

### COUNT IV - State Law Claim: False Imprisonment

43. Plaintiffs reallege paragraphs 1 through 42 as if fully stated herein.

44. Plaintiff Hilda Spencer was arrested and placed into a police car despite the Defendant Officers' knowledge that there was no probable cause for doing so.

45. In the manner described in the preceding paragraph, Defendants unlawfully restrained Plaintiff Hilda Spencer's liberty to move about by imprisoning her.

46. As a result of this misconduct, Plaintiff has suffered and continues to suffer injuries including pain and suffering.

47. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, HILDA SPENCER, respectfully requests that the Court enter judgment in her favor and against Defendants, OFFICERS LANE and ANDERSON, awarding compensatory damages and punitive damages, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT V - State Law Claim: Malicious Prosecution

48. Plaintiffs reallege each of paragraphs 1-47 as if fully stated herein.

49. Plaintiff Hilda Spencer was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were

11

terminated in Plaintiff's favor in a manner indicative of innocence.

50. Defendant Officers Lane and Anderson accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

51. Statements of Officers Lane and Anderson regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, Defendants fabricated evidence and withheld exculpatory information.

52. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

53. As a result of the above-described wrongful infringement of Plaintiff Hilda Spencer's rights, she has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

WHEREFORE, Plaintiff, HILDA SPENCER, respectfully requests that the Court enter judgment in her favor and against Defendants, OFFICERS LANE and ANDERSON, awarding compensatory damages and punitive damages, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT VI - 42 U.S.C. § 1983: Unlawful Search

54. Plaintiffs reallege each of paragraphs 1-53 as if fully stated herein.

55. In the manner described above, Defendant Officer Anderson entered Plaintiffs' apartment without permission, without a warrant, and without probable cause, thereby violating the United States Constitution.

56. The misconduct described in this Count resulted in injury by violating Plaintiffs' privacy and by interfering with their legitimate expectation to be free from unconstitutional searches in their home.

57. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

WHEREFORE, Plaintiffs, HILDA and CHASTITY SPENCER, respectfully request that the Court enter judgment in their favor and against Defendants, OFFICERS LANE and ANDERSON, awarding compensatory damages and punitive damages, as well as any other relief this Court deems just and appropriate under the circumstances.

**COUNT VII - 42 U.S.C. § 1983: First Amendment**

58. Plaintiffs reallege each of paragraphs 1-57 as if fully stated herein.

59. The First Amendment to the United States Constitution guarantees Plaintiffs' rights to speak out on matters of public concern without fear of unjust retaliation.

60. As more fully in the preceding paragraphs, Plaintiff Hilda Spencer engaged in extensive protected speech on matters of public concern, to wit, she assisted in the filing of

13

a complaint against the Defendant Officers with the Chicago Police Department.

61. In direct retaliation for their exercise of protected speech, Defendants retaliated against Plaintiffs in the manner described in the preceding paragraphs, resulting in bodily damages.

62. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

WHEREFORE, Plaintiffs, HILDA SPENCER, respectfully requests that the Court enter judgment in her favor and against Defendant OFFICERS LANE and ANDERSON, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER LANE and OFFICER ANDERSON in their individual capacities, and any other relief this Court deems just and appropriate.

**COUNT VIII State Law Claim: Respondeat Superior**

63. Plaintiffs reallege each of paragraphs 1-62 as if fully stated herein.

64. In committing the acts alleged in the preceding paragraphs, Defendant Officers Lane and Anderson were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

65. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiffs, HILDA and CHASTITY SPENCER, respectfully requests that the Court enter judgment in their favor and against Defendant, CITY OF CHICAGO, in an amount equal

to any award against the DEFENDANT OFFICERS LANE and ANDERSON, as well as any other relief this Court deems just and appropriate under the circumstances.

### COUNT IX - State Law Claim: Indemnification

66. Plaintiff realleges each of paragraphs 1-65 as if fully stated herein.

67. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

68. Defendant Officers Lane and Anderson are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, HILDA and CHASTITY SPENCER, respectfully request that the Court enter judgment in their favor and against Defendant CITY OF CHICAGO in the amounts awarded to Plaintiffs against Defendants OFFICERS LANE and ANDERSON, as compensatory damages, attorneys' fees, punitive damages, and any other relief this Court deems just and appropriate under the circumstances.

### COUNT X - State Law Claim: Negligent Retention

69. Plaintiff realleges each of paragraphs 1-68 as if fully stated herein.

70. At all times relevant hereto, Defendant AAMC knew or should have known of the propensity for Defendant Officers

15

Lane and Anderson to engage in unnecessarily violent and otherwise illegal acts vis-a-vis residents of Parkway Gardens.

71. AAMC knew or should have known about this problem by means of, *inter alia*, prior complaints from Parkway Gardens residents.

72. Despite its duty to do so, AAMC did not exercise reasonable care and caution in the retention and supervision of Defendant Officers Lane and Anderson.

73. As a direct and proximate result of AAMC's negligent retention and supervision of Defendant Officers Lane and Anderson, Plaintiffs have suffered damages, including physical injuries, pain and suffering, and emotional distress.

### JURY DEMAND

Plaintiffs, HILDA and CHASTIITY SPENCER, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Arthur Loevy
Jon Loevy
Danielle Loevy
LOEVY & LOEVY
434 West Ontario, Ste. 400
Chicago, IL 60610

JS 44
(Rev. 12/96)

Cat 2

00C 5869

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hilda + Chastity Spencer

## DEFENDANTS
City of Chicago, et al

JUDGE HIBBLER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cook
    (EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE BOBRICK

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cook
    (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Loevy + Loevy
434 W. Ontario, #700
Chicago, IL 60610

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

SEP 27 2000

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 1983

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE  9/25/00

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Spencer v. Chicago

Case Number: **00C 5869**

JUDGE HIBBLER
MAGISTRATE JUDGE BOBRICK

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiffs, Hilda + Chastity Spencer

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jon Loevy | NAME: Arthur Loevy |
| FIRM: Loevy + Loevy | FIRM: Same |
| STREET ADDRESS: 434 W. Ontario | STREET ADDRESS: Same |
| CITY/STATE/ZIP: Chicago, IL | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 274-1700  FAX NUMBER: (312) 274-1701 | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Danielle Loevy | NAME: |
| FIRM: Same | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER  FAX NUMBER | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |